24-2249-pr
Wang v. Dreisbach

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of September, two thousand twenty-five.

PRESENT: RAYMOND J. LOHIER, JR.,
WILLIAM J. NARDINI,
MARIA ARAÚJO KAHN,
*Circuit Judges*.

------------------------------------------------------------------

LISHAN WANG,

*Plaintiff-Appellant*,

v.                                                    No. 24-2249-pr

VICTORIA DREISBACH, DIANA KURLYANDCHIK, MISTY DELCIAMPO, CLARA MEJIAS, JUDY HALL, HEATHER MADISON,

*Defendants-Appellees*,

MIRIAM E. DELPHIN-RITTMON, THOMAS WARD-MCKINLAY, HELENE VARTELAS,

*Defendants*.

------------------------------------------------------------------

FOR PLAINTIFF-APPELLANT:   Lishan Wang, *pro se*, Suffield, CT

FOR DEFENDANTS-APPELLEES:  Mary K. Lenehan, Assistant Attorney General, *for* William Tong, Attorney General of the State of Connecticut, Hartford, CT

Appeal from a judgment of the United States District Court for the District of Connecticut (Jeffrey Alker Meyer, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Plaintiff Lishan Wang, proceeding *pro se*, appeals from an August 19, 2024 judgment of the United States District Court for the District of Connecticut (Meyer, *J.*) granting summary judgment in favor of the Defendants-Appellees, who are staff members of Whiting Forensic Hospital ("Whiting").  Wang brought claims under 42 U.S.C. § 1983 alleging that his constitutional rights were violated when Whiting staff members placed him in restraints and forcibly administered Benadryl to him in the course of effectuating a state court order to restore his

competency to stand trial for murder. The District Court concluded that the Defendants-Appellees were entitled to qualified immunity and accordingly dismissed Wang's claims. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

We "review a district court's grant of summary judgment *de novo*," and affirm only if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Walker v. Senecal*, 130 F.4th 291, 297 (2d Cir. 2025) (quotation marks omitted). "[W]e liberally construe pleadings and briefs submitted by pro se litigants, reading such submissions to raise the strongest arguments they suggest." *Id.* (quoting *Kravitz v. Purcell*, 87 F.4th 111, 119 (2d Cir. 2023)).[1]

Wang argues that the District Court erred in granting summary judgment as to his excessive force and forcible medication claims. We are not persuaded. Although several facts surrounding the challenged conduct are disputed, we

---

[1] We reject the Defendants-Appellees' invitation to decline review on the ground that Wang "has failed to make factual or legal arguments to support any of his claims." Defendants-Appellees' Br. 19. Although Wang's submissions are difficult to understand, we will consider them in view of the "liberal[] constru[ction]" afforded to *pro se* submissions. *Walker*, 130 F.4th at 297 (quotation marks omitted).

agree with the District Court that "the remaining facts that are *not* in legitimate dispute are enough on their own . . . to compel a judgment on qualified immunity grounds" in favor of the Defendants-Appellees. Supp. App'x 14; *see Saleem v. Corp. Transp. Grp., Ltd.*, 854 F.3d 131, 148 (2d Cir. 2017).

To prevail on an excessive force claim, "a pretrial detainee must show only that the force purposely or knowingly used against him was objectively unreasonable." *Darnell v. Pineiro*, 849 F.3d 17, 21 (2d Cir. 2017) (quoting *Kingsley v. Hendrickson*, 576 U.S. 389, 396–97 (2015)). In determining whether decisions made by medical professionals were reasonable, we afford "appropriate deference" to their exercise of professional judgment. *United States v. Hardy*, 724 F.3d 280, 295 (2d Cir. 2013) (quotation marks omitted); *see also Youngberg v. Romeo*, 457 U.S. 307, 322–23 (1982). For example, we recognize that "[t]he forcible [administration] of medication into a nonconsenting person's body represents a substantial interference with that person's liberty." *Hardy*, 724 F.3d at 295 (quoting *Washington v. Harper*, 494 U.S. 210, 229 (1990)). It may be justified, however, when medicating an inmate is "medically appropriate for the purpose of reducing the danger he poses." *Id.* (quotation marks omitted).

In urging reversal of the District Court's summary judgment ruling, Wang disputes the Defendants-Appellees' assertion that restraining and medicating him was necessary because he was verbally aggressive and physically threatening. But their assertion about Wang's behavior aligns with his prior admissions on the record before the District Court. For example, Wang admitted that he refused to take the medications prescribed in accordance with the state trial court's order, that he told Whiting staff that they would "need to carry [him]" to the treatment room and that he would "protect [him]self," and that he declined an opportunity to assure staff that he would not assault anyone if released from restraints. Supp. App'x 55 ¶ 27, 61 ¶ 38; Appellant's Br. 10. He further admitted that he said: "I'm not crazy. You're crazy. I don't need med; you need med. I've Chinese Government behind me. I'll sue you." Supp. App'x 61 ¶ 38.

Given these particular undisputed facts, "[n]o clear line of federal law establishes that it [was] a substantial departure from accepted practice" for Whiting staff to use four-point restraints and forcibly administer Benadryl as a sedative in order to facilitate the court-ordered administration of antipsychotic medications to Wang. *See Kulak v. City of New York*, 88 F.3d 63, 76 (2d Cir. 1996)

(quotation marks omitted); *see also Frost v. N.Y.C. Police Dep't*, 980 F.3d 231, 252 (2d Cir. 2020); *Hardy*, 724 F.3d at 295. We therefore conclude that the Defendants-Appellees are entitled to qualified immunity as to Wang's excessive force and forcible medication claims.

We have considered Wang's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court